26 F.3d 134
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Desmond JOHNSON, Defendant-Appellant.
 No. 93-50548.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 11, 1994.*
Decided May 19, 1994.
 
 Before: HUG, D.W. NELSON, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Desmond Johnson appeals his convictions on eight counts of possession of stolen United States Treasury checks in violation of 18 U.S.C. Sec. 510(b). Johnson contends that his statutory and constitutional rights to a speedy trial were violated. We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.
 
 
 3
 We consider de novo speedy trial claims and review for clear error the underlying factual findings. United States v. Hoslett, 998 F.2d 648, 652 (9th Cir.1993).
 
 
 4
 * Factual Background
 
 
 5
 The following facts are based on the district court's findings. In February 1990, Johnson was sentenced by Judge Real on federal charges. After Johnson violated his probation, Judge Real sentenced him to seven months' imprisonment and three years' supervised release.
 
 
 6
 In April 1990, Johnson stole and cashed eight income tax refunds checks (federal check charges).
 
 
 7
 In June 1991, Johnson was arrested on state forgery charges. As a result of the state charges, Judge Real issued a bench warrant for the supervised release violation on October 1, 1991.
 
 
 8
 On February 25, 1992, while Johnson was serving his two-year state forgery sentence, a federal arrest warrant issued on the federal check charges. In July 1992, the federal check charge warrant was lodged with the state prison as a detainer. State prison officials also told Johnson about the supervised release warrant.
 
 
 9
 Upon the conclusion of the state forgery sentence, on August 20, 1992, a United States Marshal attempted to take Johnson into federal custody but could not due to a paperwork snafu. The Marshal placed a five-day hold on Johnson. On August 26, 1992, the Marshal returned to the prison and executed the supervised release warrant.
 
 
 10
 Johnson was detained at the Metropolitan Detention Center, where the federal check charge arrest warrant was lodged as a detainer. Judge Real sentenced Johnson to nine months' imprisonment for the supervised release violation. At the conclusion of that term, on February 18, 1993, a United States Marshal executed the federal check charge arrest warrant. On March 2, 1993, Johnson was indicted on the federal check charges.
 
 II
 Speedy Trial Act
 
 11
 An indictment must be filed within thirty days from the date on which the defendant "was arrested or served with the summons." 18 U.S.C. Sec. 3161(b). The detention must be "in connection with" the charges on which the defendant is later tried. Hoslett, 998 F.2d at 652.
 
 
 12
 Johnson disputes the basis of the August 26, 1992 arrest. He contends the Marshal handed the federal check charge warrant to a state prison official, who in turn handed it to Johnson. Thus, Johnson contends that on August 26, 1992, he was arrested on both the federal check charge and the supervised release violation. Because the indictment on the federal check charges issued in March 1993, Johnson concludes the thirty-day time limit was violated.
 
 
 13
 The district court made factual findings that although two warrants were pending against Johnson, only one--the supervised release warrant--was executed on August 26, 1992. The district court found that Johnson's confusion as to the basis of his custody was reasonable given the information he received from state prison officials, but found that the paperwork demonstrated that Johnson had been arrested only on the supervised release warrant. We discern no clear error in the district court's factual findings. See Hoslett, 998 F.2d at 652 (upholding district court's factual finding that defendant's arrest was based on parole violation, not bank robbery charge; therefore, speedy trial act not implicated). Moreover, the evidence supports the district court's findings because the supervised release warrant had a return date of August 26, 1992 and the federal check charge warrant had a return date of February 18, 1993. Accordingly, because the Speedy Trial Act was not triggered on the federal check charge until Johnson's February 18, 1993 arrest, his indictment twelve days later did not violate the Speedy Trial Act. See 18 U.S.C. Sec. 3161(b); Hoslett, 998 F.2d at 652.
 
 
 14
 Johnson attempts to avoid this conclusion by arguing that, even if not formally "arrested" on August 26, 1992, he was "served" with the federal check charge warrant at that time, thereby triggering the thirty day time limit. Johnson's argument is misplaced because an arrest warrant is executed, while a summons is served. See 18 U.S.C. Sec. 3161(b); see also Fed.R.Crim.P. 4. Here, the magistrate judge did not issue a summons on the federal check charges, thus there was nothing to "serve."
 
 III
 Sixth Amendment Right to a Speedy Trial
 
 15
 Johnson also argues that the delay violated his constitutional right to a speedy trial. We disagree.
 
 
 16
 "To determine whether the government has violated a defendant's right to a speedy trial, we weigh the length of the delay, the reasons for it, the defendant's timeliness and manner of asserting this right, and whether the defendant has suffered cognizable prejudice." United States v. Turner, 926 F.2d 883, 889 (9th Cir.), cert. denied, 112 S.Ct. 103 (1991). If the length of the delay has not passed a threshold point of presumptive prejudice--at least one year--the court need not consider the other three factors. United States v. Beamon, 992 F.2d 1009, 1012 (9th Cir.1993) (citing Doggett v. United States, 112 S.Ct. 2686, 2690 (1992)); see also United States v. Nance, 666 F.2d 353, 360 (9th Cir.) ("it will be an unusual case in which the time limits of the Speedy Trial Act have been met but the sixth amendment right to speedy trial has been violated"), cert. denied, 456 U.S. 918 (1982).
 
 
 17
 Because Johnson was indicted on the federal check charges twelve days after his arrest on those charges, his constitutional challenge fails. See, e.g., Nance, 666 F.2d at 360 (five month delay insufficient to establish constitutional violation).
 
 
 18
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3