UNITED STATES of America,
Plaintiff-Appellee,

v.

Eddie Ray RICHMOND,
Defendant-Appellant.

No. 83–5234.

United States Court of Appeals,
Sixth Circuit.

Argued Dec. 6, 1983.

Decided June 5, 1984.

Stephen B. Shankman (argued), Memphis, Tenn. (Court-appointed), for defendant-appellant.

W. Hickman Ewing, Jr., U.S. Atty., Daniel A. Clancy, Devon Gosnell, (argued), Asst. U.S. Attys., Memphis, Tenn., for defendant-appellant.

Before EDWARDS, Circuit Judge, and PHILLIPS and PECK, Senior Circuit Judges.

JOHN W. PECK, Senior Circuit Judge.

Eddie Ray Richmond appeals from a judgment of conviction entered March 25, 1983 in the United States District Court for the Western District of Tennessee following a jury trial. The jury convicted Richmond on four counts of making false statements to the United States Postal Service in violation of 18 U.S.C. §§ 1001 & 2. Richmond's sole argument on appeal is that the trial court erred in denying his pretrial motion to dismiss his indictment because he had not been brought to trial within the time limits established by the Speedy Trial Act, 18 U.S.C. § 3161 et seq.

## I

On September 14, 1982, a federal grand jury returned a four-count indictment charging Richmond with making false statements to the United States Postal Service in violation of 18 U.S.C. §§ 1001 & 2. On September 17, 1982, Richmond was arraigned before a United States Magistrate and pleaded not guilty. The case was set for report on October 22, 1982 and scheduled for trial on November 1, 1982.

At the time of the report on October 22, 1982, Blan R. Nicholson, Richmond's counsel, made an oral motion for a continuance of the trial date to allow him to take an evidentiary deposition from a doctor who would not be available until after the scheduled trial date. The court orally granted the motion. Before the trial court entered an order on the motion, however, it was informed by telephone that the deposition would not be needed but that Nicholson desired to move to be permitted to withdraw as Richmond's attorney. On October 26, 1982, a written motion, signed by Richmond and Nicholson and requesting that Nicholson be permitted to withdraw as Richmond's attorney, was filed. The trial court continued the trial date and set the motion for permission to withdraw for hearing on November 26, 1982. The trial date was reset for December 13, 1982. Be-

cause Richmond was unable on November 26, 1982 to attend the hearing, the motion was reset for hearing on December 3, 1982.

On December 3, 1982, the motion was heard. The trial court indicated that it was inclined to grant the motion but took the matter under advisement pending issuance of an order. On December 8, 1982, the trial court issued orders granting Nicholson's motion to withdraw as Richmond's attorney, substituting the Federal Defender as Richmond's attorney, continuing the trial date from December 13, 1982, charging the clerk to set the case for trial on the first available date, and excluding the delay from October 22, 1982 until the entry of the order from the computation of elapsed time under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(8)(B)(iv). The order was entered on the docket sheet on December 9, 1982. On December 13, 1982, the Office of the Clerk scheduled January 14, 1983 as the report date and January 26, 1983 as the trial date.

On January 14, 1983, the trial court inquired about an alternative date for commencing the trial. The trial court noticed at that time that there might be a Speedy Trial Act problem and directed the clerk to have a jury brought in on the following Monday, January 17, 1983.

On January 17, 1983, Richmond's substitute counsel filed a motion to dismiss the indictment on the ground that Richmond had not been brought to trial within the time limits established by the Speedy Trial Act. On the same day, the district court orally denied this motion and commenced voir dire. After the jury was selected, it was excused until January 31, 1983. On January 19, 1983, the district court entered a written order denying the motion to dismiss the indictment on the ground that the continuance from December 13, 1982 to January 17, 1983 was excludable under the "ends of justice" exclusion, 18 U.S.C. § 3161(h)(8)(A).[1]

---

1. We do not consider the district court's alternate determination that the period from January 13, 1983 through January 17, 1983 is exclud-
able if the period of one month and four days is thought to be too long. The district court failed to make any findings concerning this period.

On January 31, 1983, Richmond's trial was resumed. The jury returned guilty verdicts on each count. On March 25, 1983, the trial court entered a judgment of conviction and imposed a sentence of imprisonment for a term of two years on each count to be served concurrently under 18 U.S.C. § 4205(b)(2).

## II

The Speedy Trial Act requires the dismissal of the indictment against any defendant who is not brought to trial within seventy days of the filing of the information or indictment or of the defendant's first appearance before a judicial officer of the court in which the charge is pending, whichever occurs later. 18 U.S.C. §§ 3161(c)(1) & 3162(a)(2); *United States v. Severdija*, 723 F.2d 791, 792 (11th Cir. 1984); *United States v. Janik*, 723 F.2d 537, 543 (7th Cir.1983). 18 U.S.C. § 3161(h) provides for the exclusion of various periods of time from the calculation of the seventy-day period. *United States v. Guerrero*, 667 F.2d 862, 865 (10th Cir. 1981).

In this case, Richmond contends that the Speedy Trial Act was violated because more than seventy days elapsed before he was brought to trial. Richmond also argues that the computation of the time should, in this case, include the period between voir dire and the resumption of his trial. The government responds that there was sufficient excludable time to reduce the countable time to seventy days.

■ The initial question is what time period is at issue. Because the indictment against Richmond was returned prior to Richmond's first appearance before a judicial officer, which was at the arraignment, we conclude that the countable time under the Speedy Trial Act began to run from the day of his arraignment, September 17, 1982. *United States v. Carrasquillo*, 667 F.2d 382, 384 (3d Cir.1981). In calculating the seventy-day limit, the day of the arraignment is excluded. *United States v. See United States v. Arkus*, 675 F.2d 245, 247 n. 2

*Campbell*, 706 F.2d 1138, 1139 (11th Cir. 1983); *United States v. Haiges*, 688 F.2d 1273, 1275–76 (9th Cir.1982). Thus, the first day of the seventy-day period was September 18, 1982.

The Speedy Trial Act establishes the commencement of the trial as the end of the period at issue. 18 U.S.C. § 3161(c)(1). Richmond concedes that courts consistently have held that for purposes of the Speedy Trial Act a jury trial commences with the beginning of voir dire. *United States v. Gonzalez*, 671 F.2d 441, 443 (11th Cir.), *cert. denied*, 456 U.S. 994, 102 S.Ct. 2279, 73 L.Ed.2d 1291 (1982); *United States v. New Buffalo Amusement Corp.*, 600 F.2d 368, 376 (2d Cir.1979). Richmond contends, however, that the district court's scheduling of voir dire on January 17, 1983, followed by a recess until January 31, 1983, was tantamount to an attempt to circumvent, if not the letter, at least the spirit of the Speedy Trial Act. We do not agree.

■ We concur fully in the position taken by the Eleventh Circuit in *Gonzalez* that trial courts may not circumvent the time limits of the Speedy Trial Act:

[Trial courts may not] evade the Act's spirit by commencing voir dire within the prescribed time limits and then taking a prolonged recess before the jury is sworn and testimony is begun. The district courts must adhere to both the letter and the spirit of the Act, and we will not hesitate to find that a trial has not actually "commenced" within the requisite time if we perceive an intent to merely pay the Act lip service.

671 F.2d at 444. We do not believe, however, that the district court merely paid lip service to the Speedy Trial Act when it commenced voir dire on January 17, 1983. Our review of the transcript of the hearing on the report date, January 14, 1983, at which the district court scheduled voir dire for January 17, 1983, indicates that after the court scheduled voir dire, Richmond's counsel informed the court that he could not be ready to try the case on that day. (9th Cir.1982).

In response, the district court informed Richmond's counsel that once the jury was picked, the trial would be adjourned until counsel was ready. In light of the apparent willingness of the trial court to proceed, the inability of the defense counsel to proceed, and the relatively short delay between voir dire and resumption of the trial, we conclude that the district court did not attempt to evade the requirements imposed by the Speedy Trial Act in commencing voir dire on January 17, 1983 and recessing the trial until January 31, 1983 and that, for purposes of the Act, Richmond's trial commenced on January 17, 1983.

The principal issue in this case is whether there was sufficient excludable time within the one hundred and twenty-two days between Richmond's arraignment and the commencement of voir dire to bring this case within the seventy-day limit established by the Speedy Trial Act. Both Richmond and the government agree that the thirty-four days from September 18, 1982 through October 21, 1982 must be included in the calculation of the seventy-day period.[2] The parties also agree that the thirty-nine days from October 26, 1982, when Richmond's initial counsel filed the written motion to withdraw, through December 3, 1982, when the hearing was held on the motion, automatically were excludable under 18 U.S.C. § 3161(h)(1)(F). The issue that remains is whether thirteen of the remaining forty-nine days are excludable under one of the exclusions listed in 18 U.S.C. § 3161(h). The forty-nine days fall into four units, each of which involves separate Speedy Trial Act problems: (1) October 22 through October 26, 1982; (2) December 3 through December 8, 1982; (3) December 9, 1982; and (4) December 9, 1982 through January 17, 1983.

Richmond contends that the four-day period from October 22 through October 26, 1982 must be included in the computation of the seventy-day period for two reasons: (1) the district court never entered a written order granting a continuance for the reason for which it was originally sought; and (2) the district court learned on October 22, 1982 that the reason for the continuance, the unavailability of a deponent, had been obviated because, due to unforeseen circumstances, the deposition was not needed. Richmond concludes that the October 22, 1982 oral motion for a continuance should be considered to have been void *ab initio* so that no delay could result. We do not agree.

As an initial point, the day of October 22, 1982, when Richmond's counsel made the oral motion for a continuance due to the unavailability of a deponent until after the scheduled trial date, is automatically excludable under 18 U.S.C. § 3161(h)(1)(F). Section 3161(h)(1)(F) provides for the exclusion of "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." Because Richmond's counsel made a pretrial motion on October 22, 1982, that day is automatically excludable. *United States v. Yunis*, 723 F.2d 795, 797 (11th Cir.1984). Additionally, the four-day period is excludable either under 18 U.S.C. § 3161(h)(1)(F), as delay due to a motion pending prompt disposition, or 18 U.S.C. § 3161(h)(3), as delay due to the unavailability of an essential witness. In rejecting Richmond's contention that the October 22, 1982 motion for a continuance was invalid *ab initio*, we follow the position of the Seventh Circuit in *United States v. Carlone*, 666 F.2d 1112, 1115 (7th Cir.1981):

There is nothing in the Speedy Trial Act which says that a continuance valid when granted becomes invalid *ab initio* if the reasons for which the continuance was granted turn out not to be the actual causes of the delay that the continuance allows. Contingencies not forseen when the continuance was asked for and granted may arise that prevent [a party] from using the continuance for the purposes

---

**2.** Both parties count this period as 35 includable days, perhaps on the mistaken assumption that the day of arraignment is not excludable.

for which it was granted. If so, the court can refuse to grant further continuances; it can revoke or shorten the continuance; but it is not *required* to revoke the continuance with effect back to the original trial date. We are unwilling to read so inflexible a mandate into the Act. (Emphasis in original). In this case, the district court neither revoked nor shortened the continuance prior to October 26, 1982. Accordingly, we decline to hold that the delay caused by the granting of the continuance on October 22, 1982 of the trial date is not excludable because subsequent unforseen circumstances obviated the articulated reason for the continuance.

■ Richmond's contention that the period from December 3 through December 8, 1982 must be included in the computation of the seventy-day period is similarly meritless. Richmond rightly construes 18 U.S.C. § 3161(h)(1)(F) as providing only for exclusion of the time from the filing of a pretrial motion through the conclusion of the hearing on that motion where there is a hearing or through prompt disposition of the motion where there is no hearing. *United States v. Mitchell*, 723 F.2d 1040, 1046 (1st Cir.1983); *United States v. Mers*, 701 F.2d 1321, 1336 (11th Cir.1983); *United States v. Stafford*, 697 F.2d 1368, 1373 (11th Cir. 1983). *See* S.Rep. No. 212, 96th Cong., 1st Sess. 33–34 (1979), *reprinted in* A. Partridge, Legislative History of Title I of the Speedy Trial Act of 1974 113–15 (Fed. Judicial Center 1980) [*hereinafter* Legislative History]. Richmond, however, fails to recognize the applicability of 18 U.S.C. § 3161(h)(1)(J) which provides for the automatic exclusion of "delay attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court." *See United States v. Mers*, *supra*, 701 F.2d at 1336; *United States v. Stafford*, *supra*, 697 F.2d at 1373–74. Only upon submission of the parties' positions at the December 3, 1982 hearing could the district court take the motion under advisement. *United States v. Bufalino*, 683 F.2d 639, 645–46 (2d Cir.), *cert. denied*, 459 U.S. 1104, 103 S.Ct. 727, 74

L.Ed.2d 952 (1982). Accordingly, even though the five-day period was not excludable under 18 U.S.C. § 3161(h)(1)(F), the period automatically was excludable under 18 U.S.C. § 3161(h)(1)(J) as delay due to a motion under advisement.

■ The government contends that December 9, 1982, the date on which the district court's order substituting attorneys was entered on the docket sheet, must also be excluded from the computation of the seventy-day period. The government's position appears to be that until an order disposing of a pretrial motion is entered on the docket sheet the motion has not been disposed of for purposes of the Speedy Trial Act, regardless of when the order was dated, signed or filed. The government's position is inapposite in this case. The issue here is not whether the motion has been disposed of by the court pursuant to 18 U.S.C. § 3161(h)(1)(F), but whether the matter is still under advisement pursuant to 18 U.S.C. § 3161(h)(1)(J). There can be no doubt that the district court did not have the question of substitution of attorneys under advisement on December 9, 1982 in light of the order granting substitution that was signed, dated and filed on December 8, 1982. *See United States v. Bufalino*, *supra*, 683 F.2d at 645–46. Consequently, December 9, 1982 was not excludable under 18 U.S.C. § 3161(h)(1)(J). *See United States v. Severdija*, *supra*, 724 F.2d at 793.

Because our resolution of the prior issues provides for exclusion of only nine additional days, the issue remains whether at least four of the days from December 9, 1982 through January 17, 1983 are excludable. The government contends that at least thirty days of this period is excludable on the ground that the thirty-day prohibition of commencement of trial from the defendant's first appearance through counsel, 18 U.S.C. § 3161(c)(2), requires exclusion of the thirty-day period following substitution of counsel from the seventy-day period. The government alternatively contends that the entire period is excludable

under 18 U.S.C. § 3161(h)(8)(A) because the ends of justice were served by the granting of the continuance of the trial from December 13, 1982 until January 17, 1983 as the district court found in its January 19, 1983 order. Neither argument is persuasive.

■ The government's contention that 18 U.S.C. § 3161(c)(2) requires exclusion of the thirty-day period following substitution of counsel from the computation of the seventy-day period is without support in the language of the Speedy Trial Act, its legislative history or judicial precedent. By its terms, 18 U.S.C. § 3161(c)(2) simply prohibits commencement of a trial within thirty days of a defendant's first appearance through counsel, usually at arraignment, absent a waiver. *United States v. Wooten*, 688 F.2d 941, 951 (4th Cir.1982); *United States v. Horton*, 676 F.2d 1165, 1169–70 (7th Cir.1982). Moreover, unlike 18 U.S.C. § 3161(h), 18 U.S.C. § 3161(c)(2) contains no provision for the exclusion of time from the seventy-day period. *See United States v. Wooten, supra*, 688 F.2d at 949–50. The government cites, and we have discovered in our review, no legislative history that indicates that the thirty-day prohibition of commencement of trial automatically would apply whenever a defendant changes counsel. *See* Legislative History at 69–75. Finally, *United States v. Arkus*, 675 F.2d 245 (9th Cir.1982), which is cited by the government, does not support the government's conclusion. In *Arkus*, the court held that the thirty-day prohibition of commencement of trial from the first appearance of a defendant through counsel is applicable to a reindictment after an indictment which charged the same offense had been dismissed upon motion of the government. The court in *Arkus* construed 18 U.S.C. § 3161(c) as providing that even in the case of a reindictment "absent a waiver, no trial may commence within thirty days *subsequent to the arraignment.*" *Id.* at 248 (emphasis added). In emphasizing the relationship between the commencement or recommencement of prosecution and the thirty-day prohibition of 18 U.S.C. § 3161(c), the court in *Arkus* gave no indication that the prohibition is applicable whenever counsel for a defendant is substituted. We similarly decline to hold that the thirty-day prohibition of commencement of trial is invoked whenever a defendant substitutes counsel. In reaching this decision we are particularly mindful that a contrary conclusion would permit defendants by substituting counsel to delay their trial dates unduly in contravention of the intent of Congress in passing the Act. *See* S.Rep. No. 212, 96th Cong., 1st Sess. 32 (1979), *reprinted in* Legislative History 73–74.

The government also contends that the whole period is excludable under 18 U.S.C. § 3161(h)(8)(A) based on the trial court's findings, in its order of January 19, 1983 denying Richmond's motion to dismiss, that the continuance of the trial date from December 13, 1982 to January 17, 1983 served the "ends of justice". Richmond's response is that the continuance was not based on the trial court's findings and that consequently the period is not excludable under the "ends of justice" exclusion.

18 U.S.C. § 3161(h)(8)(A) provides for exclusion of:

Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.

By its terms this section requires the district court to grant an "ends of justice"

continuance only upon the basis of findings that the continuance serves the ends of justice and to set forth its reasons for granting an "ends of justice" continuance on the record, either orally or in writing. *United States v. Janik, supra,* 723 F.2d at 544; *United States v. Brooks,* 697 F.2d 517, 520 (3d Cir.1982), *cert. denied,* 460 U.S. 1071 & 1073, 103 S.Ct. 1526 & 1531, 75 L.Ed.2d 949 & 952 (1983); *United States v. Fielding,* 645 F.2d 719, 721–22 (9th Cir. 1981) (per curiam). The Act also lists factors that the court is required to consider, as well as some that it is not permitted to consider, in granting an "ends of justice" continuance. 18 U.S.C. § 3161(h)(8)(B) & (C). Courts unanimously have held that the findings upon which an "ends of justice" continuance is granted need not be included in the record at the time of the granting of the continuance. *United States v. Bryant,* 726 F.2d 510, 511 (9th Cir.1984); *United States v. Janik, supra,* 723 F.2d at 544; *United States v. Brooks, supra,* 697 F.2d at 522; *United States v. Clifford,* 664 F.2d 1090, 1095 (8th Cir.1981); *United States v. Edwards,* 627 F.2d 460, 461 (D.C.Cir.) (per curiam), *cert. denied,* 449 U.S. 872, 101 S.Ct. 211, 66 L.Ed.2d 92 (1980).

The requirement that district courts set forth their findings that the ends of justice served by the continuance outweigh the defendant's and society's interests serves two purposes:

First, Congress wanted to insure that a district judge would give careful consideration when balancing the need for delay against "the interest of the defendant and of society in achieving speedy trial." S.Rep. No. 1021, 93d Cong., 2d Sess. 39 (1974). Second, the requirement provides a record so that an appellate court may review the decision. *United States v. Molt,* 631 F.2d 258, 262 (3d Cir.1980). If a district court's statements do not comport with these two purposes, they are not sufficient to satisfy the statutory command that "reasons" be set forth "in the record of the case." 18 U.S.C. § 3161(h)(8)(A). Without properly ex-

plained reasons, the delay caused by a continuance is not an excludable item. *United States v. Brooks, supra,* 697 F.2d at 520. In this case, the district court set forth its reasons for finding that the continuance served the "ends of justice" in its January 19, 1983 order denying Richmond's motion to dismiss the indictment. There is no question that this order provides an adequate record for review.

In the January 19, 1983 order, the district court, without indicating timely reliance on them, lists three justifications for its findings that the ends of justice were served by the continuance: (1) the need for Richmond's substitute counsel to prepare the case; (2) the trial judge's unavailability from December 20, 1982 through January 5, 1983 due to surgery; and (3) the lack of judges in the district and the court's heavy criminal docket. The first two considerations, in appropriate circumstances, may justify an "ends of justice" continuance. 18 U.S.C. § 3161(h)(8)(B)(iv) explicitly provides that a district court in considering whether to grant an "ends of justice" continuance should consider whether the failure to grant the continuance would deny defense counsel a "reasonable time necessary for effective preparation, taking into account the exercise of due diligence." Additionally, illness of the trial judge is a proper consideration in determining, under § 3161(h)(8)(B)(i), whether failure to grant a continuance would make continuation of the case impossible. *United States v. Nance,* 666 F.2d 353, 358 n. 11 (9th Cir.), *cert. denied,* 456 U.S. 918, 102 S.Ct. 1776, 72 L.Ed.2d 179 (1982); *United States v. Corley,* 548 F.2d 1043, 1044 (D.C.Cir.1976); S.Rep. No. 1021, 93d Cong., 2d Sess. 40, *reprinted in* Legislative History at 162. The third factor cited by the court, *viz.,* the burden of the court's criminal docket, however, is expressly precluded from consideration as justifying an "ends of justice" continuance by the Speedy Trial Act. 18 U.S.C. § 3161(h)(8)(C). *See United States v. Nance, supra,* 666 F.2d at 355–56. Our review indicates that even though the court improperly considered the burden of its docket in stating its findings in support of

a grant of an "ends of justice" continuance, the two permissible factors considered would warrant exclusion of sufficient time to bring the January 17, 1983 commencement of Richmond's trial within the seventy-day period unless the continuance was not based on the district court's findings as set forth in its January 19, 1983 order.[3]

Because the district court did not set forth its findings until after Richmond had moved to dismiss the indictment, the question remains as to whether the district court based the continuance on its findings. The problem that confronts us has been described recently by the Seventh Circuit:

> If the judge gives no indication that a continuance was granted upon a balancing of the factors specified by the Speedy Trial Act until asked to dismiss the indictment for violation of the Act, the danger is great that every continuance will be converted retroactively into a continuance creating excludable time, which is clearly not the intent of the Act.

*United States v. Janik, supra,* 723 F.2d at 544–45. *Accord United States v. Brooks, supra,* 697 F.2d at 521–22 (trial court may not grant an "ends of justice" continuance *nunc pro tunc* to provide after the fact justification for exclusion of delay).

■ Based on our review of the record, we believe that the district court cannot fairly be said to have granted the continuance of the trial date from December 13, 1982 based on the findings that it set forth in the January 19, 1983 order. Nowhere in either the December 8, 1982 order, which directed entry of the continuance, or the January 19, 1983 order, which denied Richmond's motion to dismiss the indictment, does the district court represent that it had made the requisite findings prior to granting the continuance. Indeed, the December 8, 1982 order nowhere states that the basis for granting the continuance was that the continuance served the ends of justice. *Cf. United States v. Guerrero, supra,* 667 F.2d at 865–67 (order that granted continuance on ground that continuance served the

ends of justice adequate for Speedy Trial Act only in light of motion for continuance). Instead, the December 8, 1982 order authorized the clerk to determine the length of the continuance by charging the clerk with resetting Richmond's trial date on the first available day. In so doing, the order indicates that the continuance was not based on a balancing of the ends of justice, on the one hand, and the interests of the public and the defendant in a speedy trial, on the other. *See United States v. Carrasquillo, supra,* 667 F.2d at 385–86 ("ends of justice" exclusion requires the court, not the clerk, to decide whether to grant a continuance). Finally, in its January 19, 1983 order, the district court candidly acknowledged that at the report on January 14, 1983, it became aware of a Speedy Trial Act problem. If the district court had in fact based the December 8, 1982 continuance of the trial on its finding that the ends of justice thereby were served, there would have been no problem for it to confront. In light of the above circumstances, we conclude that the district court erred in excluding the time from December 13, 1982 through January 17, 1983 from the computation of the seventy-day period under the "ends of justice" exception. Consequently, we conclude that the district court erred in denying Richmond's motion to dismiss his indictment.

### III

Because of our conclusion that the Speedy Trial Act was violated, the judgment of conviction must be vacated and the indictment against Richmond must be dismissed. Although we vacate the judgment, we remand the case to the district court for entry of dismissal. Remand is appropriate because, as this court stated in *United States v. Bilsky,* 664 F.2d 613, 618 (6th Cir.1981):

> While dismissal is mandatory when the [Speedy Trial] Act is violated, the dismissal does not necessarily terminate the prosecution of the defendant. The court

---

**3.** The trial judge's incapacity due to surgery from December 20, 1982 through January 4,

1983 would provide for an exclusion of fifteen days.

is given ample latitude to dismiss the case without prejudice so as to allow the government to recommence prosecution. In determining whether to dismiss the indictment with or without prejudice, the court should consider:

among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of [the Speedy Trial Act] and on the administration of justice.

18 U.S.C. § 3162(a)(2). We agree with the Seventh Circuit that the trial court is in the best position to evaluate these factors and to determine whether the case is to be dismissed with or without prejudice. *Janik, supra,* 723 F.2d at 546–47. Accordingly, we remand this case to the district court for appropriate disposition.

Vacated and remanded.

GEORGE CLIFTON EDWARDS, Jr., Circuit Judge, concurring.

I join the opinion of the court because, like my colleagues, I find it consistent with the congressional purposes in the enactment of the Speedy Trial Act. In the long run, it is probably better to enforce the act strictly than vary from those purposes by creating exceptions due to the exigent circumstances of this case. As Judge Peck has recorded, the reasons for delay here include:

1. The excused withdrawal of original counsel and time for his replacement to prepare;

2. The appointment of a former Western District of Tennessee District Judge, Harry Wellford, to the Court of Appeals, with consequent diminution of judge power in the district concerned; and

3. Surgery (for an aneurism) performed on the assigned judge, Judge Robert McRae, in the midst of the subject trial delay.

Sometimes the law seems to presume that judges are superhuman—a presumption rarely, if ever, borne out in fact. Judge McRae allowed himself 14 days off the bench for surgical repairs and recuperation—a length of time doubtless consistent with his sense of duty—if not with a decent respect for his health.

Nonetheless, as Judge Peck's opinion indicates, the strict language of the statute was not followed. The statute simply does not contain an exemption for reasonable delay.