UNITED STATES of America

v.

Vernon EDWARDS, Appellant.

UNITED STATES of America

v.

Robert E. McCOY, Appellant.

Nos. 79–2251, 79–2252.

United States Court of Appeals,
District of Columbia Circuit.

Argued Feb. 26, 1980.

Decided May 29, 1980.

Rehearing Denied June 18, 1980.

Allan M. Palmer, Washington, D. C., with whom William E. Reukauf, Washington, D. C., was on brief, for appellants.

Benjamin B. Sendor, Asst. U. S. Atty., Washington, D. C., with whom Charles F. C. Ruff, U. S. Atty., John A. Terry, Michael W. Farrell, H. Lowell Brown and Roger M. Adelman, Asst. U. S. Attys., Washington, D. C., were on brief, for appellee.

Before TAMM, MacKINNON and MIKVA, Circuit Judges.

Opinion PER CURIAM.

PER CURIAM.

The only issue on appeal is whether or not the Speedy Trial Act of 1974, 18 U.S.C. §§ 3161–74 (1976), has been violated by the action of the trial court. For reasons set forth below, we find there has been no violation and the convictions are affirmed.

The appellants and two others were arraigned on various narcotics charges on April 17, 1979. The trial was set for June 20, 1979, 64 days from the day of arraignment. The date was set in order to comply with the requirement of the Speedy Trial Act that the trial begin no more than 80 days from the date of arraignment. See 18 U.S.C. § 3161(g). That trial date was postponed on three separate occasions. As a result of these continuances, the trial, in fact, began 125 days after the arraignment.

In passing the Speedy Trial Act, Congress recognized the need to provide flexibility to permit a trial court to coordinate the schedules of multiple defendants and their counsels. Two of the exclusions to the 80-day rule specifically provided within the Act are especially relevant to that situation. Under 18 U.S.C. § 3161(h)(8), for example, a court shall exclude:

> [a]ny period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

Also, under 18 U.S.C. § 3161(h)(7), a court shall exclude:

> [a] reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted.

The exclusion under 18 U.S.C. § 3161(h)(7) is crucial in a case involving multiple defendants because it provides that an exclusion applicable to one defendant applies to all codefendants.

All three of the continuances granted by the trial court clearly fall within one or the other of the quoted exceptions. Indeed, appellants do not really contend that the second and third continuances had any defects. Their argument is based wholly on the first continuance in the case. That first continuance, from June 20 to July 23, was granted by the trial court after it was informed that counsel for one of the subsequently acquitted codefendants was ill and that the prosecutor had a conflicting trial schedule. The court noted these two reasons for the continuance during a later status call, held on July 25. The gist of appellants' argument is that this continuance was granted *sua sponte* by the court and no contemporaneous record was made of the reasons for it. We think neither of these arguments render the exclusionary language inoperative.

Section 3161(h)(8)(A) clearly empowers the judge to grant a continuance "on his own motion" if he finds that the "ends of justice" so require. The section further provides that any delay resulting from such a continuance shall be excluded from the computation of trial delays so long as the trial court "sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.* In the case under review, the reasons for the judge's action were articulated on the record at a subsequent hearing. We find nothing in the statute which requires such findings be placed on the record exactly at the time that the continuance was granted. Nor is there any way the purpose of the statute would be served by such a requirement. There is no question that at the status hearing on July 25, the trial court made clear on the record its reasons for the first continuance. There is no question that those reasons were valid and well within the discretion afforded the court by the exclusionary language referred to above. To hold that the Speedy Trial Act requires a dismissal of the indictments against these two appellants solely because the trial judge failed to record his findings concomitantly with his order would be to fashion the Speedy Trial Act into a snare. That result cannot fairly be attributed to the spirit of the Act or the well-motivated goals that Congress had in mind.

Appellants also claim that the Speedy Trial Act was violated because the arraignment was held 14 days after the indictment was filed, four days later than that permitted by the Act. *See* 18 U.S.C. § 3161(b). However, even these four days would not bring the total time outside the allowed period unless one or more of the continuances were inoperative to extend the 80-day period. Nothing in the Act suggests that the 10-day period set forth for arraignment is in itself a ground for bringing the mandatory dismissal provisions of the Act into play.

Appellees argue vigorously that the dismissal sanctions of § 3162 were postponed by the 1979 amendment of the Act, P.L. 96–43, § 6, 93 Stat. 328 (1979) (effective Aug. 2, 1979), and that even if the Act had been violated in this case, no dismissals should be granted. The legislative dilemma created by the timing and substance of the 1979 amendment postponing the effective date of the § 3162 sanctions is not without difficulty. However, in light of our holding that the Act was not violated, those arguments and concerns need not be addressed.

For the reasons stated, the judgment of the District Court is

*Affirmed.*