UNITED STATES of America

v.

Robert John MANBECK, Thomas Manbeck, Kenneth Herring, Gary Gallopo, Mark Huiet Sale, David Martin Summerville, Lorenz Josephus Proden, Kermit Theodore Brogden, John O'Hare, Eddie Brantley, Thomas Earnest Folske, Thomas Sams Hightower, Timothy Alan Laxton, Harrel Lewis, Jr., John Isidore Stevens, Aaron Douglas Staetter, John Michael Iyoob, James Anthony Hastings, John Benjamin Barton, Jr., John Wesley Flannel, Jessie Lee Mallory, Arthur Duncan, and Gregory Michael Scott.

Crim. No. 80–278.

United States District Court, D. South Carolina, Charleston Division.

May 12, 1981.

Lionel S. Lofton, Asst. U. S. Atty., Charleston, S. C. and Cameron B. Littlejohn, Jr., Asst. U. S. Atty., Columbia, S. C., for plaintiff.

Mark Kadish, Rhonda A. Brofman, Kadish, Davis & Brofman, P. C., Atlanta, Ga., and Gedney M. Howe, III, Howe & Howe, Charleston, S. C., for defendants Thomas Manbeck and Herring.

Michael L. Pritzker, Marcia L. Smith, Stroup, Goldstein, Jenkins & Pritzker, Chicago, Ill. and Dennis E. O'Neill, Burkett, Guerard, Wooddy, Bargmann, Cisa & O'Neill, Mount Pleasant, S. C., for defendant Gallopo.

Edward Garland, Austin E. Catts, John R. Hesmer, Garland, Nuckolls & Catts, Atlanta, Ga., for defendants Sale and Proden.

Mark C. Tannenbaum, Charleston, S. C., Local Counsel, for defendant Sale.

R. David Botts, Harper, Wiggins & Botts, Atlanta, Ga., for defendant Summerville.

Gedney M. Howe, III, Howe & Howe, Charleston, S. C., for defendants Proden, Brogden and Summerville.

Arthur G. Howe, Paul Uricchio, Barry Krell, Uricchio, Howe & Krell, P. A., Charleston, S. C., for defendants O'Hare, Brantley, Folske, Hightower, Lewis, Laxton and Stevens.

Edwin Marger and Diane Marger, Atlanta, Ga., for defendants Staetter, Iyoob, Hastings and Scott.

Peden B. McLeod, McLeod, Fraser & Unger, Walterboro, S. C., for defendants Staetter, Iyoob, Hastings and Scott, Barton, Mallory and Duncan and Flannel.

Donald B. Walker, Atlanta, Ga., for defendants Barton, Mallory and Duncan.

Robert G. Fierer, Steven Westby, Atlanta, Ga., for defendant Flannel.

## ORDER

HAWKINS, District Judge.

This case involves a four-count indictment [1] against twenty-three defendants alleging various drug-related charges arising out of a drug smuggling operation which took place at Bennett's Point, South Carolina, in November 1980.

Numerous motions were filed by the defendants in this case. This order deals with two of these motions.

### I. *VIOLATION OF SPEEDY TRIAL ACT*

On March 23, 1981, Defendant Gallopo moved this court to dismiss the indictment pursuant to Section 3161(c)(1) of Title 18 of the United States Code ("speedy trial motion").[2] The other defendants joined in the motion. Defendants contend that the Sixth Amendment to the United States Constitution and the Speedy Trial Act, 18 U.S.C. § 3161 et seq., were violated given the delay between the time of arraignment and the commencement of the trial.

The Sixth Amendment secures the right to a speedy trial in a federal criminal prosecution. Section 3161, et seq., of Title 18 of the United States Code clarifies what period of delay is considered *per se* unreasonable and sets mandatory time periods in which a defendant must be brought to trial. It is defendants' position that the statutory minimums established by the Act so as to insure compliance with the Sixth Amendment have been violated.

Section 3161(c)(1) provides in relevant part:

1. Count 1 of the indictment charges the defendants with conspiracy to import marijuana into the District of South Carolina. Count 2 charges defendants with conspiracy to possess marijuana. Defendants are charged in Count 3 with importation of marijuana and in Count 4 with possession with intent to distribute marijuana.

2. Only Defendant Gallopo offered to the court the specific dates and statutory provisions upon which the motion was based.

In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

The indictment in this case was filed on December 2, 1980. William Sidney Baldwin, Jr.[3] was the first defendant to make an appearance before the court in this case; he appeared at his arraignment on December 3, 1980. Thus, given the above quoted provision, the seventy day count would begin to run on December 3, 1980. This seventy-day period would have thus expired as of March 12, 1981.

"In passing the Speedy Trial Act, Congress recognized the need to provide flexibility to permit a trial court to coordinate the schedules of multiple defendants and their counsels." *United States v. Edwards,* 627 F.2d 460, 461 (D.C.Cir.1980). Thus, Congress provided in Section 3161(h)(1)(F):

(h) The following periods of delay shall be excluded in computing the time within which an information or an indictment must be filed, or in computing the time within which the trial of any such offense must commence:

(1) Any period of delay resulting from other proceedings concerning the defendant, including but not limited to—

. . . .

(F) delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing

on, or other prompt disposition of, such motion;

According to the records of the Clerk of Court, Defendant Baldwin filed several motions on December 22, 1980, including a motion to dismiss, a motion to strike surplusage, and a motion for bill of particulars. These motions were disposed of by the court on February 12, 1981. Thus, in light of the provisions quoted above, the period of time from December 22, 1980, until February 12, 1981, should be excluded in the computation of the seventy-day period. With the seventy-day period beginning on December 3, 1980, and this exclusion being considered, it is clear that the provisions of the Speedy Trial Act were not violated when the trial commenced.[4]

This court's analysis, specifically set forth as to Defendant Baldwin, disposes of the matter as to Defendant Gallopo and all other defendants in light of Section 3161(h)(7) of Title 18 of the United States Code which provides:

(h) The following periods of delay shall be excluded in computing the time within which an information or an indictment must be filed, or in computing the time within which the trial of any such offense must commence:

. . . .

(7) A reasonable period of delay when the defendant [here, all other defendants] . . . [are] joined for trial with a codefendant [here, Baldwin] as to whom the time for trial has not run and no motion for severance has been granted.

No motion for severance was ever granted in this case. Moreover, this court finds that the period of delay experienced by the other defendants was a reasonable one.

3. Defendant Baldwin entered a plea before the court on March 26, 1981, and, therefore, is not named in the captioned case.

4. As for when trial "commences" for purposes of the Speedy Trial Act, the *Plan for Prompt Disposition of Criminal Cases* for the *United States District Court, District of South Carolina* (Revised Final Plan Pursuant to Speedy Trial Act of 1974), provides at page 8:

. . . A trial in a jury case shall be deemed to commence at the beginning of voir dire.

. . . A trial in a non-jury case shall be deemed to commence on the day the case is called, provided that some step in the trial procedure immediately follows.

Voir dire began in this case on March 23, 1981, and, thereafter, all defendants waived their right to trial by jury. The case was subsequently called for trial on April 1, 1981. Regardless of which of the two provisions applies to this case, the seventy-day period had not expired.

In addition to the foregoing, it is further noted that another provision of the Speedy Trial Act, 18 U.S.C. § 3161(h)(8)(A) & (B)(i), (ii), provides for an excludable period of delay applicable to this case. This provision provides for the exclusion of

(8)(A) Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.

(B) The factors, among others, which a judge shall consider in determining whether to grant a continuance under subparagraph (A) of this paragraph in any case are as follows:

(i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.

(ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

This court granted a continuance in the proceedings on two occasions, and in view of the above-quoted provisions, orally stated during subsequent proceedings its reasons for continuing the case past the original trial date set for February 2, 1981, and the second trial date of March 2, 1981. *See, United States v. Edwards*, 627 F.2d 460, 461 (D.C.Cir.1980) (statute does not require that judge's findings be placed on the record exactly at the time that the continuance was granted). This court specifically noted the complexities of the case due to the number of defendants in the case and the necessity to appoint another attorney to represent Defendant Robert Charles Michael[5] immediately prior to the day the case was scheduled for trial.

Based on the foregoing, it is the finding of this court that there has been no violation of the Speedy Trial Act and, therefore, defendants' motion to dismiss the indictment is hereby denied.

## II. GOVERNMENT'S NOLLE PROSEQUI OF COUNT FOUR

Prior to calling this case for trial, the government advised the court and counsel for the defendants that the government intended to move to dismiss Count 4 of the indictment pursuant to Rule 48(a) of the Federal Rules of Criminal Procedure. That Rule provides:

. . . The Attorney General or the United States Attorney may by leave of court file a dismissal of an indictment, information, or complaint, and the prosecution shall thereupon terminate. Such a dismissal may not be filed during the trial without the consent of the Defendant.

The defendants objected to the government's motion and the court withheld ruling on the motion pending the filing of legal memorandae by counsel for both sides.

In summary, defendants object to the government's motion on the following grounds:

1) The Assistant U. S. Attorney acted in bad faith when he moved to dismiss Count 4 because his purpose in so moving

5. Defendant Michael entered a plea before the court on March 17, 1981, and, therefore, is not named in the captioned case.

was solely to allow a state court prosecution of the Defendants;

2) To allow the dismissal of the count so as to allow the possibility of a state prosecution would work to impermissibly harass the Defendants and would not serve the public interest to disallow successive prosecutions based on the same conduct; and

3) Pursuant to Federal Rules of Criminal Procedure 48(a), the dismissal of Count 4 could not be filed without the consent of the Defendants because the trial of the case had begun prior to the time that the Assistant U. S. Attorney requested the dismissal.

At the outset, it should be recognized that "the right of the prosecution to move for and the Court to grant dismissal of an indictment or separate counts thereof is a hornbook principle." *Thomas v. United States*, 398 F.2d 531 (5th Cir. 1967).

■ This court finds the first ground proposed by defendants to be without merit. In moving to dismiss Count 4, the Assistant U. S. Attorney did not abuse the prosecutorial discretion afforded him. *See, United States v. Valencia*, 492 F.2d 1071, 1074 (9th Cir. 1974). While perhaps the defendants might be placed in a more preferable position if the government was required to go forward on all four counts, such a reason would not warrant denying the motion to dismiss Count 4. *See, Id.* at 1074 (defendant protests dismissal of one count that would have afforded him standing to challenge a search).

Moreover, in response to defendants' second argument as to the fairness of successive criminal prosecutions for the same conduct, this court need only refer to the United States Supreme Court's pronouncement in *Bartkus v. Illinois*, 359 U.S. 121, 79 S.Ct. 676, 3 L.Ed.2d 684 (1959). There the United States Supreme Court recognized the validity of refusing to bar a second trial even though there had been a prior trial by another government for a similar offense. *Id.* at 136, 79 S.Ct. at 685.

■ Finally, this court does not find that the government was required to gain the consent of the defendants before moving to dismiss Count 4. Defendants argue that their consent was necessary because the government's motion occurred subsequent to the commencement of the trial, which effectively occurred when the parties stipulated *during the suppression hearings* as to certain testimony which would become a part of the case in chief. This court finds that so far as Rule 48(a) is concerned, the government's motion was not filed "during the trial," and thus defendants consent was not necessary. The withdrawal of the count occurred before the trial had begun. *See, United States v. Delagarza*, No. 80–1744, 650 F.2d 1166 (10th Cir., 1981).

For the foregoing reasons, the court grants the government's motion to dismiss Count 4 of Indictment No. 80–278.

III. *CONCLUSION*

It is, therefore, concluded that defendants' motion to dismiss the indictment due to an alleged Speedy Trial Act violation is denied.

It is further the ruling of this court that the government's motion to dismiss Count 4 of the indictment is hereby granted.

**AND IT IS SO ORDERED.**