UNITED STATES of America,
Plaintiff-Appellee,

v.

Larry Earl BRYANT,
Defendant-Appellant.

No. 82–1675.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 16, 1983.

Decided Feb. 17, 1984.

As Amended on Denial of Rehearing
May 8, 1984.

Brian Leighton, Asst. U.S. Atty., Fresno, Cal., for plaintiff-appellee.

Margaret A. McKnight, Fresno, Cal., for defendant-appellant.

Before CHOY and NORRIS, Circuit Judges, and NIELSEN,* District Judge.

PER CURIAM:

Appellant Larry Bryant appeals his conviction on two counts of embezzlement and receipt of government property in violation of 18 U.S.C. § 641, contending that he was not brought to trial within the 70-day period provided by the Speedy Trial Act of 1974, 18 U.S.C. § 3161 et seq. We affirm the lower court decision.

The Speedy Trial Act requires that a defendant be brought to trial

within seventy days from the filing date
. . . of the information or indictment, or

---

* Honorable Leland C. Nielsen, United States District Judge for the Southern District of California, sitting by designation.

from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

18 U.S.C. § 3161(c)(1). In calculating this 70-day period, however, a trial court may exclude certain periods of time pursuant to narrowly defined exceptions. Section 3161(h)(8)(A) provides that a court shall exclude

[a]ny period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and defendant in a speedy trial.

On four occasions—April 20, 1981, July 29, 1981, September 10, 1981, and December 14, 1981—the district court excluded periods of delay pursuant to this section. Bryant concedes that, if the continuances were validly granted, his trial was begun within the 70-day limit, but argues that the continuances were not validly granted.

To justify an "ends of justice" continuance, a district court must set forth "in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(8)(A). Bryant argues first that Section 3161(h)(8)(A) requires that this factual record be made at the time the trial court actually grants the continuances. In this case, the trial court did not set forth the specific reasons for its finding of complexity when it granted each continuance. Instead, it set forth the reasons when it denied Bryant's motion to dismiss his indictment on February 10, 1982.

■ This court has never decided whether a court granting an "ends of justice" continuance must contemporaneously set down the factual predicate for its determination. Those courts that have considered the question have held simultaneous findings to be unnecessary so long as the trial court later shows that the delay was motivated by proper considerations. *United States v. Edwards,* 627 F.2d 460 (D.C.Cir.), *cert. denied,* 449 U.S. 872, 101 S.Ct. 211, 66 L.Ed.2d 92 (1980); *United States v. Clifford,* 664 F.2d 1090 (8th Cir.1981); *United States v. Brooks,* 697 F.2d 517 (3d Cir.1982), *cert. denied,* —— U.S. ——, 103 S.Ct. 1526 & 1531, 75 L.Ed.2d 952 (1983); *United States v. Manbeck,* 514 F.Supp. 152 (D.S.C. 1981). Although the Act requires that the trial court prepare a record, we find nothing in either the language or the purpose of the Act that requires the court to prepare the record at the precise moment it grants a continuance. We believe that dismissing Bryant's indictment for this lack of contemporaneous findings would not be in keeping with "the spirit of the Act or the well-motivated goals that Congress had in mind." *Edwards,* 627 F.2d at 461.

■ Bryant next argues that, even if the Act does not require contemporaneous findings, the district court in this case did not set forth sufficient facts in this case to justify the "ends of justice" continuances. For reasons stated below, we believe the district court set forth sufficient facts to justify the "ends of justice" continuances.

At the time the district court granted each of the four continuances, it noted that Bryant's case was so complex as to justify more time for adequate preparation. "Complexity" is clearly an appropriate factor for a district court to consider when determining whether an "ends of justice" continuance should be granted. 18 U.S.C. § 3161(h)(8)(B)(ii). We believe the district court order of February 10, 1982 sets forth sufficient facts to support a finding of "complexity".

The district court order stated, "The increasing complexity of the matter admittedly has presented serious management problems to this court." *United States v. Bryant,* No. CR F-81-108-EDP, slip op. at 4 (E.D.Cal. Feb. 10, 1982) (Order Re Dismissal for Failure to Bring Matter to Trial). The district court in its order made a "re-

view of the file" which set forth the following facts: 1) 135 motions had been filed that may have affected each defendant; 2) the case involved twenty-four defendants, including the five defendants charged in the original indictment and the additional defendants and overt acts in the second superseding indictment; 3) not all of the defendants named in the second superseding indictment had been arraigned and/or arrested as late as November 2, 1981, almost six months after Bryant's arraignment[1]; and 4) it was called to the court's attention on December 14, 1981 that one of the defendants was without counsel.

It would have been preferable for the district court to set forth more particularly why each "ends of justice" continuance was justified. These facts, however, taken as a whole, are sufficient to support a finding of "complexity" for all of the continuances. *See United States v. Campbell,* 706 F.2d 1138, 1140 n. 4 (11th Cir.1983).

 Bryant's other arguments on appeal—that the evidence was insufficient to sustain his conviction and that he was improperly denied a new trial—are clearly without merit. The trial court heard substantial evidence on every element of each count of Bryant's conviction. The trial judge did not abuse its discretion when it denied appellant's motion for a new trial. *See United States v. Kenny,* 645 F.2d 1323, 1343 (9th Cir.), *cert. denied,* 452 U.S. 920, 101 S.Ct. 3059, 69 L.Ed.2d 425, 454 U.S. 828, 102 S.Ct. 121, 70 L.Ed.2d 104 (1981).

AFFIRMED.

NORRIS, Circuit Judge, concurring in part and dissenting in part:

I agree with the majority that a district court need not set forth its findings at the same time it grants a continuance under the Speedy Trial Act. I disagree, however, with the majority's conclusion that the findings that were set forth in this case are adequate to support such a continuance.

The majority essentially relies on three findings. First, the majority points out that the case involved 135 pre-trial motions. Yet the amount of time required to dispose of such motions is automatically excluded under the Speedy Trial Act from the seventy-day deadline. 18 U.S.C. § 3161(h)(1)(F). The delay resulting from the motions thus cannot also make the case more complex within the meaning of the Act.

Second, the majority notes that the case originally involved five defendants. But Congress cannot have intended the presence of multiple defendants, by itself, to constitute complexity. Otherwise, the statute would not have been drafted to include cases with this number of defendants.

Third, the majority emphasizes that more defendants were added to the case as it progressed and that some of these defendants were not immediately arraigned. But no additional defendants were indicted by July 15, 1981—the time when the seventy-day period expired for defendant Bryant. The complexity that the presence of other defendants created later in the case does not support a continuance granted earlier in the case.

By affirming the district court's judgment, the majority implicitly adopts a standard that would allow lower courts to find complexity in practically every case. This result undermines the determination by Congress, embodied in the Speedy Trial Act, that it is presumptively unfair to a criminal defendant to delay his trial for more than seventy days.

---

1. The district court had previously found that the superseding indictments were not motivated by improper considerations. Slip op. at 4.