**UNITED STATES of America, Plaintiff,**

v.

**Roosevelt DANIELS, et al., Defendants.**

**No. 85 CR 232.**

United States District Court,
N.D. Illinois, E.D.

April 8, 1986.

---

Anton R. Valukas, U.S. Atty. by Howard Pearl, Victoria Peters, Mark D. Pollack, Asst. U.S. Attys., Chicago, Ill., for plaintiff.

Michael H. King, Jon K. Stromsta, Ross & Hardies, Allan A. Ackerman, Chicago, Ill., for defendant Roosevelt Daniels.

## ORDER

BUA, District Judge.

Before the Court is defendant Roosevelt Daniels' motion to dismiss the indictment, pursuant to 18 U.S.C. § 3162(a)(1) and (2), for violations of the Speedy Trial Act. 18 U.S.C. § 3161(a) and (b). For the reasons stated herein, defendant's motion is denied.

## I. FACTS

Defendant Roosevelt Daniels was arrested on April 15, 1985. On April 16, 1985, Daniels made his first appearance before Magistrate James T. Balog. Daniels' pretrial detention hearing was held on April 18, 1985, and Daniels was denied bail. The Magistrate held a preliminary hearing on the complaint on April 26, 1985.

On May 15, 1985, the government moved for sixty (60) days of excludable time on the ground that it had to call between 100 to 150 witnesses before the grand jury. On that day, Magistrate Balog and Chief Judge Frank J. McGarr granted the government's request for excludable time pursuant to 18 U.S.C. § 3161(h)(8)(B)(iii). The first indictment against Daniels was returned on July 9, 1985, a period of 85 days following his arrest. Daniels was arraigned on July 17, 1985.

Daniels was subsequently arraigned on November 1, 1985, pursuant to a superceding indictment. On November 15, 1985, Daniels again demanded a speedy trial. In response, the Court ordered Daniels to be severed from his codefendants. The Court set Daniels' trial date in late December of 1985. On November 20, 1985, the government moved to consolidate all defendants for trial. The Court vacated its prior severance order and consolidated the defendants for trial.

On four occasions, the Court entered orders granting periods of excludable time, all of which were done pursuant to 18 U.S.C. § 3161(h)(8)(B)(ii) and (iii): on August 1, 1985, excluding time from August 1 through January 6, 1986; on November 20, 1985, excluding time from November 20 through March 10, 1986; on February 13, 1986, excluding time from February 13 through May 5, 1986; and on March 21, 1986, excluding time from March 21 through July 1, 1986. The latter two continuances and periods of excludable time are not challenged by the defendant Daniels. The Court notes that Daniels' counsel joined in or initiated those motions for excludable time. The first two orders granting excludable time will be discussed below.

## II. DISCUSSION

█ Defendant makes four arguments in support of his motion. First, he argues

that the Magistrate failed to hold a timely pretrial detention hearing. However, defendant's pretrial detention was affirmed by the Seventh Circuit Court of Appeals. *United States v. Daniels,* 772 F.2d 382 (7th Cir.1985). Since the defendant did not argue that the pretrial detention hearing was untimely before the Seventh Circuit, he waived that argument and the Court will not consider it, especially in light of its doubtful relevance to this motion.

■ Second, defendant argues that the preindictment period of 85 days exceeded the required 30-day period and therefore constitutes a violation of 18 U.S.C. § 3161(a). In support of this argument, defendant contends that the Magistrate and Chief Judge committed error in granting the government's motion for sixty (60) days of excludable time on May 15, 1985. As of that date, 30 days had passed since the defendant's arrest and detention. In support of its motion for excludable time, the government stated that it would call between 100 to 150 witnesses before the grand jury, and that the safety of government agents had been threatened. Both the Magistrate and the Chief Judge found that the excludable time was warranted under 18 U.S.C. § 3161(h)(8)(B)(iii). § 3161(h)(8)(B)(iii) states that, where an arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in § 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex.

While this case appears to fall squarely within § 3161(h)(8)(B)(iii), defendant argues that the Magistrate and Chief Judge erred in not conducting an independent investigation of the government's representations supporting the excludable time. However, Magistrate Balog did conduct preliminary hearings with respect to six defendants in this case. In addition, Chief Judge McGarr allowed oral argument on the issue of preindictment excludable time. He also recognized and accepted the need for the

excludable time in light of the complex factual presentation to the grand jury.

Finally, both the Magistrate and the Chief Judge had two opportunities to explore the problem of preindictment delay in light of defendant's pretrial detention. Both found that the complexity of the case and the timing of the arrest warranted 60 days of preindictment excludable time. The Court rejects defendant's contention that a court must take new evidence or conduct hearings before making its findings regarding excludable time.

18 U.S.C. § 3161(h)(8)(A) states in pertinent part:

No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for the finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.

In *United States v. Thomas,* 774 F.2d 807 (7th Cir.1985), the district court stated in a written order that the case was complex because it contained numerous defendants and thousands of financial documents. The court also explicitly mentioned it was granting an "ends of justice" continuance. The Seventh Circuit held that "the written order of the district court sufficiently articulated legitimate reasons for granting the continuance and was well within the necessary guidelines found at 18 U.S.C. § 3161(h)(8)(A) and (B)." *Id.* at 810.

In another case, the Seventh Circuit held that the Speedy Trial Act did not require a district court to cite § 3161(h)(8)(A) and (B) or to track the statutory language in a lengthy opinion. *United States v. Wiehoff,* 748 F.2d 1158, 1160 (7th Cir.1984). In that case, the district court made detailed oral findings which would justify a continuance. However, the court did not explicitly label these findings a continuance nor did it cite the relevant section of the Speedy Trial Act. The Seventh Circuit upheld the con-

tinuance and found that the district court's oral findings were sufficiently explicit. *Id.*

■ Reading *Wiehoff* and *Thomas* together, this Court concludes that a court is required to make either oral findings which would support a continuance or a more formal written order citing the relevant section of the Speedy Trial Act and the court's reasons, albeit conclusions, for the continuance, *i.e.*, complexity, etc. Nothing in the Speedy Trial Act or its underlying case law suggests that a court must order new evidence taken or conduct evidentiary hearings as a prerequisite to entering an order granting or denying a continuance. The Speedy Trial Act leaves such determinations to the court's discretion. *United States v. Tedesco*, 726 F.2d 1216, 1221 (7th Cir.1984). In the present case, the record reflects that Magistrate Balog and Chief Judge McGarr had ample facts from which to evaluate the government's request for preindictment excludable time under 18 U.S.C. § 3161(h)(8)(B)(iii).

■ Third, defendant argues that the Speedy Trial Act is violated by the 211-day period from his arraignment on the initial indictment, on July 17, 1985, to February 13, 1986, the date on which defense counsel requested and received a continuance of the trial date. Therefore, the challenged continuances or periods of excludable time are those entered on August 1, 1985 and November 20, 1985. In both instances, this Court granted trial date continuances and entered excludable time pursuant to 18 U.S.C. § 3161(h)(8)(B)(ii) and (iii). In the August 1, 1985 order, the Court found:

> ... pursuant to Title 18, U.S.C. § 3161(h)(8)(B)(ii), that this cause is so complex due to the number of defendants, the nature of the prosecution, and the quantity of evidence, that it is unreasonable to expect adequate preparation for pretrial proceedings or for trial within the time limits established by the Speedy Trial Act, and the period from August 1, 1985, through January 6, 1986 shall be excluded.

The November 20, 1985 order read essentially the same.

Defendant argues that an "ends of justice" continuance is not proper when based on codefendants' need for preparation, complexity of the case, and the desirability of a joint trial for all defendants. *United States v. Theron*, 782 F.2d 1510, 1513 (10th Cir.1986). The Tenth Circuit Court of Appeals held that "complexity plus multiple defendants are not enough, by themselves," to justify an "ends of justice" continuance. *Id.* However, this *Theron* holding does not represent the law in the Seventh Circuit.

In *United States v. Wiehoff, supra*, the Seventh Circuit affirmed an "ends of justice" continuance on the basis of the district court's two findings: (1) early trial in the absence of adequate preparation and without the key defendant present would result in a miscarriage of justice, and (2) the case was complex and that it was unreasonable to expect adequate preparation within the time limits established by the Act. 748 F.2d at 1160. In *United States v. Thomas, supra*, the Seventh Circuit affirmed an "ends of justice" continuance where the district court stated that "the case was complex because it contained numerous defendants and thousands of financial documents." 774 F.2d at 810. Therefore, in the Seventh Circuit, if sufficient oral or written findings are made, an "ends of justice" continuance may be based on the complexity of the case. As noted above in the discussion of defendant's second argument, detailed written findings are not required if the written order cites the proper statutory language from the Speedy Trial Act and the order is supported by oral findings.

■ In the present case, the August 1, 1985 order, *supra*, granting an "ends of justice" continuance in light of the complexity of the case, the number of defendants and the large quantity of evidence is clearly sufficient and proper under *Wiehoff* and *Thomas*. The same conclusion applies to the November 20, 1985 order. Prior to the entry of that order, the Court heard from Daniels' counsel and codefendants'

counsel on two occasions. On November 15, 1985, Allan Ackerman, one of Daniels' attorneys, agreed with the Court's characterization of this case as complex. Ackerman went on to describe the case as involving "by way of preparation the listening to 1,000 tape-recorded conversations or more." (Transcript of Proceedings, November 15, 1985, p. 35.) Ackerman also said that, according to Daniels, there are potentially 32 witnesses for the defense, including codefendants, that must be interviewed. Finally, Ackerman indicated that coordination with codefendants and their counsel would also take some time. On November 20, 1985, Ackerman and codefendants' counsel, with the exception of Glen Seiden, representing defendant Kenneth Johnson, indicated to the Court their inability to prepare adequately for the December 23, 1985 trial date.

In light of the record in this case, the Court finds ample support for the two "ends of justice" continuances granted on August 1, 1985 and November 20, 1985. Therefore, the Court finds no Speedy Trial Act violation.

### III. CONCLUSION

For the reasons stated above, defendant Roosevelt Daniels' motion to dismiss the indictment for Speedy Trial Act violations is denied.

IT IS SO ORDERED.