**UNITED STATES of America, Plaintiff,**

v.

**Paul E. GRIFFITHS, David A. Morey and Randall R. Waltman, Defendants.**

**No. 88–CR–0008S.**

United States District Court,
D. Utah, C.D.

July 14, 1988.

---

* The court notes 3M moved for severance of RMI's antitrust counterclaims.

Brent D. Ward, U.S. Atty., Tena Campbell, Stewart C. Walz, Asst. U.S. Attys., Salt Lake City, Utah, for plaintiff.

Edwin F. Guyon, Peter W. Guyon, Kenneth R. Brown, Salt Lake City, Utah, for defendants.

## ORDER AND RULING

SAM, District Judge.

This matter is before the court on the joint motion of co-defendants David Morey and Paul Griffiths for dismissal of the indictment against them. On January 27, 1988, Morey, Griffiths and codefendant Randall Waltman were indicted on charges related to mail fraud and interstate transportation of money taken by fraud. On February 25, 1988, all entered pleas of "not guilty" before the magistrate, and were released on bond. The trial date was set for May 2, 1988.

On March 15, 1988, the government moved to continue the trial on the ground that the government would be denied continuity of counsel because one of its attorneys, Stewart Walz, would be out of town at the time of trial. Waltman was the sole defendant who opposed the motion. Finding the government's argument insufficient reason to continue trial, the court denied continuance at that juncture; however, on April 12, 1988, it granted (from the bench) Waltman's motion to continue, stating the complexity of the case required continuance. On April 13, 1988, the court issued an Order containing the following language:

1. Pursuant to the provisions of 18 U.S.C. § 3161(h)(8)(A) and (B), the Court finds that the case is unusual or complex due to the nature of the prosecution and that it would be unreasonable to expect adequate preparation for the trial within the time limits established by the Speedy Trial Act.

2. That the ends of justice served by setting the trial date for August 22, 1988, outweigh the best interests of the public and the defendants in a speedy trial.

IT IS HEREBY ORDERED that the period of time from April from April 2, 1988, until August 22, 1988, is excluded because the case is unusual or complex due to the nature of the prosecution, and that it would be unreasonable to expect adequate preparation for the trial within the time limits established by the Speedy Trial Act and for such reason the time period referred to is hereby excluded.

IT IS FURTHER ORDERED that Defendant Waltman's Motion for Continuance be and the same is hereby granted with the trial of the above captioned matter to commence on August 22, 1988, at 9:30 a.m.

Order Regarding Continuance at 1–2.

Morey and Griffiths move for dismissal of the indictment on the ground that the court's granting Waltman's motion to continue the trial because of complexity and inability to prepare the defense violates the movants' Sixth Amendment right to a speedy trial. They assert the court did not properly balance the competing interests

present, and its order contains an inadequate statement of the reasons supporting continuance. The government responds that, on facts similar to these, recent case law permits a reasonable period of time to be excluded from the Speedy Trial Act (the Act).

### I. *The sufficiency of the court's order under section 3161(h)(8)(A) of the Act*

■ The Act requires that a defendant be tried "within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). Allowable exclusions of time from the seventy-day period are set out in § 3161(h)(8)(A):

> (8)(A) Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that *the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.* No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection *unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.*

(emphasis added). It appears all Morey's and Griffiths' arguments dovetail to the question whether the court's order states sufficient reasons for continuance under the Act. The court considers a recent Tenth Circuit case, *United States v. Theron,* 782 F.2d 1510 (10th Cir.1986), dispositive of the question.

The *Theron* case centers on the appeal of the district court's refusal to release Theron, one of twelve defendants, from custody pending trial. While awaiting the outcome of an appeal from the district court's denial of bail to Theron, and over Theron's objection, the court granted the motion to continue of ten codefendants who had been released on bail. Under § 3161(h)(8), the court made an "ends-of-justice" finding that the complexity of the case justified continuance. On appeal from the order granting continuance, Theron sought a writ of mandamus ordering the district court either to commence his criminal trial or dismiss the indictment against him pursuant to §§ 3161–3174 of the Act.

The *Theron* Court rejected as "improper or insufficient" the three factors upon which the district court relied to justify continuance: 1) the codefendants' need for preparation time; 2) the complexity of the case; and 3) the desirability of trying all defendants at once. *Id.* at 1512–13. First, the court ruled that where Theron was not out on bail, his interest in being tried within the 70-day period outweighed his codefendants interest in continuance. Second, the Court ruled "the complexity of a case does not automatically justify an ends-of-justice continuance," because the district court still must weigh "the right of society and the defendant to a speedy trial against the " ' "ends of justice." ' " *Id.* at 1513 (quoting *United States v. Carrasquillo,* 667 F.2d 382, 387 (3d Cir.1981) (quoting S.Rep. No. 93–1021)). Third, the Court held that complexity plus multiple defendants are not enough, by themselves, to support the "ends-of-justice" exception as justification for continuance.[1] The Court

---

**1.** The Seventh Circuit rejects *Theron*'s holding on the "ends-of-justice" continuance for reasons of complexity. *United States v. Daniels,* 631 F.Supp. 602 (N.D.Ill.1986). In *United States v. Thomas,* 774 F.2d 807 (7th Cir.1985), that Court affirmed an "ends-of-justice" continuance where the district court stated that " 'the case was complex because it contained numerous defendants and thousands of financial documents.' " *Daniels,* 631 F.Supp. at 605 (quoting *Thomas,* 774 F.2d at 810) (the decision to make an "ends-of-justice" determination on the basis of complexity is "well within the sound discretion of the court"). This court notes that none of the *Thomas* defendants raised issues regarding pretrial detention.

believes Congress expressly intended that the exception should be "used rarely and only in narrow circumstances." *Theron*, 782 F.2d at 1513; H.R.Rep. No. 1508, 93d Cong., 2d Sess. 4, *reprinted in* 1974 U.S. Code Cong. & Ad.News, 7401, 7407 (referring to the sometimes irreparable injury caused an incarcerated defendant by delay of trial); *see also United States v. Frey*, 735 F.2d 350, 352 (9th Cir.1984); *Carrasquillo*, 667 F.2d at 387. For those reasons, *Theron* concluded "the government and the court must look to subsection (h)(7) to protect their interests in trying complex conspiracy cases in a single trial." *Theron*, 782 F.2d at 1514.

With the exception that none of the present defendants are incarcerated, the facts of the instant case fall directly within the *Theron* facts. Because it appears *Theron*'s holding is not contingent upon whether the movant for dismissal of the indictment is incarcerated,[2] the court believes it granted continuance for "improper or insufficient" reasons related to the complexity of the case; and here, as in *Theron*, continuance is proper only if allowable under § 3161(h)(7).

## II. *Exclusion of periods of delay under § 3161(h)(7) of the Act*

Section 3161(h)(7) provides in relevant part:

> The following periods of delay *shall be excluded* in computing the time within which ... the trial of any offense must commence:
>
> . . . .
>
> (7) A reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted.

(emphasis added). "Unlike subsection (h), subsection (h)(7) does not require the trial court to make findings." *Theron*, 782 F.2d at 1514. The *Theron* Court opined that case fit the language of subsection (h)(7) because there were codefendants, no sever-

ance had been granted and the time for trial had not run because the codefendants sought the continuance. The Court reasoned:

> Clearly subsection (h)(7) extends the seventy-day period by some amount of time. The obvious purpose behind the exclusion is to accommodate the efficient use of prosecutorial and judicial resources in trying multiple defendants in a single trial. *See United States v. Campbell*, 706 F.2d 1138, 1142 (11th Cir. 1983); *United States v. Edwards*, 627 F.2d 460, 461 (D.C.Cir.) [, *cert. denied*, 449 U.S. 872, 101 S.Ct. 211, 66 L.Ed.2d 92 (1980) ]. Courts have excluded extended periods of delay when all defendants are out on bail. In such cases the courts generally have held that extensions sought by one codefendant toll the limitations period of all. *See, e.g., United States v. DeLuna*, 763 F.2d 897, 922–23 (8th Cir.), *cert. denied*, 474 U.S. 980, 106 S.Ct. 382, 88 L.Ed.2d 336 (1985); *Campbell*, 706 F.2d at 1142; *Edwards*, 627 F.2d at 461.

*Id.* In the present case, the three *Theron* criteria for permitting exclusion of time for delay under § 3161(h)(7) are met: There are codefendants; no severance has been granted; and the time for trial has not run because the codefendants sought the continuance. Moreover, the additional *DeLuna* factor is present because all the instant defendants are out on bond. Upon these factors, the court concludes the continuance is proper under § 3161(h)(7).

█ *Theron* notes that the language of subsection (h)(7) allows extension only for " 'a reasonable period of delay,' " *Theron*, 782 F.2d at 1514; therefore, the sole question remaining is the reasonableness of the period of extension. Determining that "the reasonable period of extension of subsection (h)(7) reaches to at least ninety days," *id.*, the *Theron* Court concluded that "the 'reasonable period' extension under subsection (h)(7) ha[d] not yet run to force the dismissal of Theron's indictment," *id.*, not-

---

**2.** The court observes that the cases following *Theron* are solely concerned with the issue of pretrial detention. *See, e.g., United States v.*

*Gelfuso*, 838 F.2d 358, 359 (9th Cir.1988) (the length of pretrial detention raises a constitutional issue at some point).

**1314**

withstanding the fact of Theron's incarceration. Here, the seventy-day speedy trial period ended on May 5, 1988; and the trial was continued to August 22, 1988, an extension of 109 days. In view of the complexity of this case and the fact that no defendant is incarcerated, the court considers this a "reasonable period extension under subsection (h)(7)." *Id.*

### III.  *Conclusion*

The court denies the motions of Morey and Griffiths to dismiss the indictment against them. It further vacates its order to continue dated April 13, 1988, and orders continuance of trial to August 22, 1988 for reasons stated in this ruling.