**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50447 |
| Plaintiff - Appellee, | D.C. No. 8:10-cr-00127-DOC-1 |
| v. | |
| EDUARDO RUIZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Submitted August 4, 2015[**]
Pasadena, California

Before: D.W. NELSON, SILVERMAN, and WARDLAW, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Eduardo Ruiz appeals his convictions for mail fraud and conspiracy to commit mail fraud, as well as his resulting 108-month sentence. We have jurisdiction under 28 U.S.C. §1291 and affirm.

1.      The district court did not err in denying Ruiz's motion to dismiss for violation of the Speedy Trial Act. At the very least, the period of November 8, 2011, to March 13, 2012, was properly excluded under 18 U.S.C. § 3161(h)(7), and the overlapping period of March 6, 2012, to March 26, 2012, was properly excluded under 18 U.S.C. § 3161(h)(1)(H). As to the first time period, the "ends of justice" continuance granted by the district court was "specifically limited in time" and "justified on the record with reference to the facts as of the time the delay [was] ordered." *United States v. Ramirez-Cortez*, 213 F.3d 1149, 1154 (9th Cir. 2000) (internal quotation marks and alterations omitted). Further, a district court granting an "end of justice" continuance need not contemporaneously set down the factual predicate for that determination; simultaneous findings are unnecessary "so long as the trial court later shows that the delay was motivated by proper considerations." *United States v. Bryant*, 726 F.2d 510, 511 (9th Cir. 1984) (per curiam). We also note that the record is clear that Ruiz was the "moving force" behind the grant of the continuance. *See United States v. Gallardo*, 773 F.2d 1496, 1506 (9th Cir. 1985).

2

As to the second time period, even were the March 6, 2012, discovery motion Ruiz filed to be considered a pro forma discovery motion involving no live dispute, the district court was allowed to exclude 30 days from March 6—the date of the last filing of supporting papers—and trial commenced less than 30 days later on March 27, 2012. *United States v. Medina*, 524 F.3d 974, 979 (9th Cir. 2008) (citing *United States v. Sutter*, 340 F.3d 1022, 1029–32 (9th Cir. 2003)). Excluding these two time periods, as well as the other unchallenged continuances, no more than 70 unexcluded days passed between Ruiz's first appearance and the commencement of trial. Therefore, no Speedy Trial Act violation occurred. *See* 18 U.S.C. § 3161(c)(1).

2.      The district court did not abuse its discretion in finding that the government presented sufficient evidence to satisfy its prima facie burden that the emails were what the government claims they were: emails to and from Gilma Ruiz and/or Ruiz. *See United States v. Tank*, 200 F.3d 627, 630 (9th Cir. 2000). Mildred Morales's testimony, Agent Dokter's testimony, Yahoo custodian of record Douglas Nolan's testimony, and Gilma Ruiz's notebook collectively provided a sufficient basis for the district court's rulings that the emails had been properly authenticated.

**3.** The district court neither abused its discretion in admitting the emails as coconspirator statements nor committed clear error in finding the underlying factual requirements were met. *See United States v. Moran*, 493 F.3d 1002, 1010 (9th Cir. 2007) (per curiam). Agent Dokter's testimony and Morales's testimony provided sufficient grounds for the district court to find (1) "a conspiracy existed at the time the statement[s] w[ere] made"; (2) Ruiz "had knowledge of, and participated in, the conspiracy"; and (3) "the statement[s] w[ere] made in furtherance of the conspiracy." *United States v. Bowman*, 215 F.3d 951, 960–61 (9th Cir. 2000) (citing *Bourjaily v. United States*, 483 U.S. 171, 175 (1987)). To the extent the district court may have abused its discretion in admitting one email chain from May 2007—after the latest definitive date Morales testified Ruiz worked at Premier One Realty, April 2007—any such error was harmless because the email chain contained information similar to the multiple other, properly admitted emails. *Cf. United States v. Macias*, 789 F.3d 1011, 1022 (9th Cir. 2015) ("Where there has been a nonconstitutional error, we must reverse unless there is a fair assurance of harmlessness, or, stated otherwise, unless it is more probable than not that the error did not materially affect the verdict." (internal quotation marks omitted) (quoting *United States v. Morales*, 108 F.3d 1031, 1040 (9th Cir. 1997) (en banc))).

4

**4.**   The district court did not commit procedural error in sentencing Ruiz to 108 months' imprisonment.  First, the district court did not clearly err in finding that the organizer/leader enhancement under § 3B1.1(a) of the Sentencing Guidelines applied to Ruiz.  *See United States v. Yi*, 704 F.3d 800, 805, 807 (9th Cir. 2013).  There was sufficient evidence that Ruiz organized Premier One Realty to generate fraudulent loan packages and that he trained at least five employees of Premier One Realty in this illegal venture.  *See id.* at 807.  Second, Ruiz has not met his burden of establishing that the district court relied on a clearly erroneous fact in sentencing him to 108 months' imprisonment.  *See United States v. Christensen*, 732 F.3d 1094, 1103 (9th Cir. 2013).  Although the district court may have inartfully described Gilma Ruiz as "minimally involved" in the underlying fraudulent scheme, the record establishes that the overall tenor of the sentencing hearing was that Ruiz was relatively more culpable and exercised more control over the enterprise than Gilma Ruiz did, a finding that is not clearly erroneous.  As such, we are not "left with the definite and firm conviction that a mistake has been committed."  *Id.* (internal quotation marks and citation omitted).

**AFFIRMED.**